ORIGINAL

2011 JUN 15 P 5: 50

1  Mark J. Tamblyn (State Bar No. 179272)
   mjt@wexlerwallace.com
2  Ian J. Barlow (State Bar No. 262213)
   ijb@wexlerwallace.com
3  **WEXLER WALLACE LLP**
   455 Capitol Mall, Suite 231
4  Sacramento, California 95814
   Telephone: (916) 492-1100
5  Facsimile: (916) 492-1124

6  Lee Squitieri
   lee@sfclasslaw.com
7  Caitlin Duffy
   caitlin@sfclasslaw.com
8  **SQUITIERI & FEARON, LLP**          E-filing
   32 E. 57th St., 12th Floor
9  New York, New York 10022
   Telephone: (212) 421-6492
10 Facsimile: (212) 421-6553

11 Attorneys for *Plaintiffs*

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

15 HAROLD SMALLEY, GAYANN              Case No.
   WELLAND,TRACEY ANTINORI,
   SHIRLEY AVERY, TANYA BALCH,         C V 11 2951 JCS
16 WILLIAM LEE BOROUGH, SHAWNA
   CHRISTINE BREEDFIELD, DENNIS        **COMPLAINT**
17 COSTA, MARGARET E. CRANE, DAVID
   PEREZ CRUZ, MARY CUSHING,           **JURY TRIAL DEMANDED**
18 ANGELA V. DOMONDON, JAMES B.
   EVANS, GREGORY A. FARRAR JR.,
19 DENNIS FREUNDT, DEBORA JACKSON,
   RONALD C. KEITZ, DIANE M. KIRBY,
20 LELA D. LAPLANTE, DAVID LEYVA,
   ANTHONY M. LUCAS, CRAIG MACE,
21 DANIEL D. MAGNA, BRADLEY J.
   MCADAM, TERRI LEE MCCAULEY,
22 NEILL NEWTON, LINO NSHIMBA,         **BY FAX**
   SHANNON PARKER, EVERET PINKNEY,
23 MONIQUE RAINEY, SURENDRA REDDY,
   LISA RIVAS, HECTOR SANCHEZ,
24 LYNNE K. SOTELO, JESMENDAR
   SUNGH, MICHAEL SWINFARD,
25 MICHAEL SCOTT TURNER, TINA
   LOUISE VEGA-STEMISKA, BRYAN
26 GARCIA,DANIEL A. CASMAER, ROBERT
   M. MALMBERG, JASON MCHANN,
27 MICHAEL PERRIN, ALAN ANEALS,
   DONALD S. EDWARDS, EDWIN GARCIA,
28 MICHAEL B. GREEN JR., ERIC AMSTAD,

                          -1-

| | |
|---|---|
| 1 | DAWN Y. BRENNAN, DAVID CARLSON, GAIL D. KNOLL, LORENZO |
| 2 | NICHOLSON, DAVID SAYLOR, DARREN SCOTT WILLIAMS, DONAL JAMES |
| 3 | YOUNG, SEAN E. LISTON, ANDREW CLAYTON MORAN, JOHNNIE D. |
| 4 | NORTON, SHANE PASKETT, MATTHEW S. ROBERT, ZACHARY TAYLOR, LAURA |
| 5 | WOOLSTON, WASHINGTON, JEFFREY H. ANDERSON, TRACEY LYNN BERTCH, |
| 6 | SCOTT ALLEN BRENDER, MARIANNE EDECHEIT, MICHAEL LYNN |
| 7 | SCHWARTZ, KEVIN DALE SHERWIN, NEIL EUGENE WEST AND JOHN |
| 8 | RUDOLPH DALBERT |

9          Plaintiffs,
           v.

10    HOME DEPOT U.S.A., INC.,

11                Defendant.

12

13     Harold Smalley, Gayann Welland, Tracey Antinori, Shirley Avery, Tanya Balch, William

14  Lee Borough, Shawna Christine Breedfield, Dennis Costa, Margaret E. Crane, David Perez Cruz,

15  Mary Cushing, Angela V. Domondon, James B. Evans, Gregory A. Farrar Jr., Dennis Freundt,

16  Debora Jackson, Ronald C. Keitz, Diane M. Kirby, Lela D. LaPlante, David Leyva, Anthony M.

17  Lucas, Craig Mace, Daniel D. Magna, Bradley J. McAdam, Terri Lee McCauley, Neill Newton,

18  Lino Nshimba, Shannon Parker, Everet Pinkney, Monique Rainey, Surendra Reddy, Lisa Rivas,

19  Hector Sanchez, Lynne K. Sotelo, Jesmendar Sungh, Michael Swinfard, Michael Scott Turner,

20  Tina Louise Vega-Stemiska, Bryan Garcia, Daniel A. Casmaer, Robert M. Malmberg, Jason

21  McHann, Michael Perrin, Alan Aneals, Donald S. Edwards, Edwin Garcia, Michael B. Green Jr.,

22  Eric Amstad, Dawn Y. Brennan, David Carlson, Gail D. Knoll, Lorenzo Nicholson, David Saylor,

23  Darren Scott Williams, Donal James Young, Sean E. Liston, Andrew Clayton Moran, Johnnie D.

24  Norton, Shane Paskett, Matthew S. Robert, Zachary Taylor, Laura Woolston, Jeffrey H.

25  Anderson, Tracey Lynn Bertch, Scott Allen Brender, Marianne Edecheit, Michael Lynn

26  Schwartz, Kevin Dale Sherwin, Neil Eugene West and John Ruldolph Dalbert (collectively the

27  "Plaintiffs"), each bring a complaint against Home Depot U.S.A., Inc. ("Home Depot" or

28

-2-

1  "Defendant"), and allege as follows:

2  **PRIOR LITIGATION**

3  1.  Each Plaintiff originally opted into the case styled *Aquilino, et al. v. Home Depot*

4  *U.S.A., Inc.*, Case No. 04-cv-4100, which is currently pending in the District Court of New Jersey

5  before Judge Sheridan. *Aquilino* asserts claims under the Fair Labor Standards Act ("FLSA"), 29

6  U.S.C. § 201 *et seq.* By filing consents to join, the statute of limitations was tolled on Plaintiffs'

7  claims and have remained tolled by order of the District Court of New Jersey until June 15, 2011.

8  2.  On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice

9  the opt-in plaintiffs in *Aquilino*, further holding that the tolling of the statute of limitations of the

10  opt-in plaintiffs' claims conclude and such statute continues to run for each plaintiff for its

11  unexpired portion on June 15, 2011.

12  3.  Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.*, and to

13  remedy Home Depot's violations of the wage and hour provisions of the FLSA which has

14  deprived Plaintiffs of lawful wages.

15  4.  Certain Plaintiffs also bring claims under applicable state wage and hour laws.

16  Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to

17  the FLSA and state laws for all hours worked over 40 hours. Each Plaintiff is entitled to such

18  overtime compensation for all hours worked over 40 hours per week for the time period of at least

19  three years prior to the time the Plaintiff consented to join *Aquilino*.

20  **JURISDICTION AND VENUE**

21  5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and under

22  section 216(b) of the FLSA, 29 U.S.C. § 216(b).

23  6.  This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant

24  to 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims

25  that they form a part of the same case or controversy between the parties.

26  7.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

27  ///

28  ///

-3-

1

## PARTIES

2

**Alaska-Employed Plaintiffs**

3     8.    Plaintiff Harold Smalley is a former employee of Home Depot who routinely

4  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

5  the applicable time period, and was unlawfully deprived of overtime compensation by Home

6  Depot. As an MASM, Plaintiff Smalley's primary duties consisted of non-managerial tasks of

7  manual labor and customer service.

8     9.    Plaintiff Gayann Welland is a former employee of Home Depot who routinely

9  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

10  the applicable time period, and was unlawfully deprived of overtime compensation by Home

11  Depot. As an MASM, Plaintiff Welland's primary duties consisted of non-managerial tasks of

12  manual labor and customer service.

13

**California-Employed Plaintiffs**

14     10.    Plaintiff Tracey Antinori is a former employee of Home Depot who routinely

15  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

16  the applicable time period, and was unlawfully deprived of overtime compensation by Home

17  Depot. As an MASM, Plaintiff Antinori's primary duties consisted of non-managerial tasks of

18  manual labor and customer service.

19     11.    Plaintiff Shirley Avery is a current or former employee of Home Depot who

20  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

21  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

22  compensation by Home Depot. As an MASM, Plaintiff Avery's primary duties consisted of non-

23  managerial tasks of manual labor and customer service.

24     12.    Plaintiff Tanya Balch is a current or former employee of Home Depot who

25  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

26  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

27  compensation by Home Depot. As an MASM, Plaintiff Balch's primary duties consisted of non-

28  managerial tasks of manual labor and customer service.

-4-

13. Plaintiff William Lee Borough is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Borough's primary duties consisted of non-managerial tasks of manual labor and customer service.

14. Plaintiff Shawna Christine Breedfield is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Breedfield's primary duties consisted of non-managerial tasks of manual labor and customer service.

15. Plaintiff Dennis Costa is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Costa's primary duties consisted of non-managerial tasks of manual labor and customer service.

16. Plaintiff Margaret E. Crane is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Crane's primary duties consisted of non-managerial tasks of manual labor and customer service.

17. Plaintiff David Perez Cruz is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Cruz's primary duties consisted of non-managerial tasks of manual labor and customer service.

18. Plaintiff Mary Cushing is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime

-5-

compensation by Home Depot. As an MASM, Plaintiff Cushing's primary duties consisted of non-managerial tasks of manual labor and customer service.

19. Plaintiff Angela V. Domondon is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Domondon's primary duties consisted of non-managerial tasks of manual labor and customer service.

20. Plaintiff James B. Evans is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Evans' primary duties consisted of non-managerial tasks of manual labor and customer service.

21. Plaintiff Gregory A. Farrar Jr. is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Farrar's primary duties consisted of non-managerial tasks of manual labor and customer service.

22. Plaintiff Dennis Freundt is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Freundt's primary duties consisted of non-managerial tasks of manual labor and customer service.

23. Plaintiff Debora Jackson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Jackson's primary duties consisted of non-managerial tasks of manual labor and customer service.

24. Plaintiff Ronald C. Keitz is a former employee of Home Depot who routinely

-6-

worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Keitz's primary duties consisted of non-managerial tasks of manual labor and customer service.

25.     Plaintiff Diane M. Kirby is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Kirby's primary duties consisted of non-managerial tasks of manual labor and customer service.

26.     Plaintiff Lela D. LaPlante is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff LaPlante's primary duties consisted of non-managerial tasks of manual labor and customer service.

27.     Plaintiff David Leyva is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Leyva's primary duties consisted of non-managerial tasks of manual labor and customer service.

28.     Plaintiff Anthony M. Lucas is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Lucas' primary duties consisted of non-managerial tasks of manual labor and customer service.

29.     Plaintiff Craig Mace is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Mace's primary duties consisted of non-

-7-

1   managerial tasks of manual labor and customer service.

2       30.   Plaintiff Daniel D. Magna is a current or former employee of Home Depot who

3   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

4   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

5   compensation by Home Depot. As an MASM, Plaintiff Magna's primary duties consisted of non-

6   managerial tasks of manual labor and customer service.

7       31.   Plaintiff Bradley J. Mcadam is a current or former employee of Home Depot who

8   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

9   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

10  compensation by Home Depot. As an MASM, Plaintiff McAdam's primary duties consisted of

11  non-managerial tasks of manual labor and customer service.

12      32.   Plaintiff Terri Lee McCauley is a current or former employee of Home Depot who

13  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

14  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

15  compensation by Home Depot. As an MASM, Plaintiff McCauley's primary duties consisted of

16  non-managerial tasks of manual labor and customer service.

17      33.   Plaintiff Neill Newton is a former employee of Home Depot who routinely worked

18  over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

19  applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

20  As an MASM, Plaintiff Newton's primary duties consisted of non-managerial tasks of manual

21  labor and customer service.

22      34.   Plaintiff Lino Nshimba is a former employee of Home Depot who routinely

23  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

24  the applicable time period, and was unlawfully deprived of overtime compensation by Home

25  Depot. As an MASM, Plaintiff Nshimba's primary duties consisted of non-managerial tasks of

26  manual labor and customer service.

27      35.   Plaintiff Shannon Parker is a current or former employee of Home Depot who

28  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

-8-

1   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

2   compensation by Home Depot. As an MASM, Plaintiff Parker's primary duties consisted of non-

3   managerial tasks of manual labor and customer service.

4       36.     Plaintiff Everett Pinkney is a current or former employee of Home Depot who

5   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

6   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

7   compensation by Home Depot. As an MASM, Plaintiff Pinkney's primary duties consisted of

8   non-managerial tasks of manual labor and customer service.

9       37.     Plaintiff Monique Rainey is a current or former employee of Home Depot who

10  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

11  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

12  compensation by Home Depot. As an MASM, Plaintiff Rainry's primary duties consisted of non-

13  managerial tasks of manual labor and customer service.

14      38.     Plaintiff Surendra Reddy is a current or former employee of Home Depot who

15  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

16  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

17  compensation by Home Depot. As an MASM, Plaintiff Reddy's primary duties consisted of non-

18  managerial tasks of manual labor and customer service.

19      39.     Plaintiff Lisa Rivas is a former employee of Home Depot who routinely worked

20  over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

21  applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

22  As an MASM, Plaintiff Rivas' primary duties consisted of non-managerial tasks of manual labor

23  and customer service.

24      40.     Plaintiff Hector Sanchez is a current or former employee of Home Depot who

25  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

26  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

27  compensation by Home Depot. As an MASM, Plaintiff Sanchez's primary duties consisted of

28  non-managerial tasks of manual labor and customer service.

-9-

41.     Plaintiff Lynne K. Sotelo is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Sotelo's primary duties consisted of non-managerial tasks of manual labor and customer service.

42.     Plaintiff Jesmendar Sungh is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Sungh's primary duties consisted of non-managerial tasks of manual labor and customer service.

43.     Plaintiff Michael Swinfard is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Swinfard's primary duties consisted of non-managerial tasks of manual labor and customer service.

44.     Plaintiff Michael Scott Turner is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Turner's primary duties consisted of non-managerial tasks of manual labor and customer service.

45.     Plaintiff Tina Louise Vega-Stemiska is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Vega-Stemiska's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Hawaii-Employed Plaintiffs**

46.     Plaintiff Bryan Garcia is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

-10-

1  applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

2  As an MASM, Plaintiff Garcia's primary duties consisted of non-managerial tasks of manual

3  labor and customer service.

4  **Montana-Employed Plaintiffs**

5  47.    Plaintiff Daniel A. Casmaer is a current or former employee of Home Depot who

6  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

7  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

8  compensation by Home Depot. As an MASM, Plaintiff Casmaer's primary duties consisted of

9  non-managerial tasks of manual labor and customer service.

10  48.    Plaintiff Robert M. Malmberg is a current or former employee of Home Depot

11  who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

12  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

13  compensation by Home Depot. As an MASM, Plaintiff Malmberg's primary duties consisted of

14  non-managerial tasks of manual labor and customer service.

15  49.    Plaintiff Jason McHann is a current or former employee of Home Depot who

16  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

17  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

18  compensation by Home Depot. As an MASM, Plaintiff McHann's primary duties consisted of

19  non-managerial tasks of manual labor and customer service.

20  50.    Plaintiff Michael Perrin is a current or former employee of Home Depot who

21  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

22  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

23  compensation by Home Depot. As an MASM, Plaintiff Perrin's primary duties consisted of non-

24  managerial tasks of manual labor and customer service.

25  **Nevada-Employed Plaintiffs**

26  51.    Plaintiff Alan Aneals is a current or former employee of Home Depot who

27  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

28  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

-11-

1   compensation by Home Depot. As an MASM, Plaintiff Aneals' primary duties consisted of non-
2   managerial tasks of manual labor and customer service.

3       52.     Plaintiff Donald S. Edwards is a current or former employee of Home Depot who
4   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager
5   ("MASM") within the applicable time period, and was unlawfully deprived of overtime
6   compensation by Home Depot. As an MASM, Plaintiff Edwards' primary duties consisted of
7   non-managerial tasks of manual labor and customer service.

8       53.     Plaintiff Edwin Garcia is a current or former employee of Home Depot who
9   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager
10  ("MASM") within the applicable time period, and was unlawfully deprived of overtime
11  compensation by Home Depot. As an MASM, Plaintiff Garcia's primary duties consisted of non-
12  managerial tasks of manual labor and customer service.

13      54.     Plaintiff Michael B. Green Jr. is a current or former employee of Home Depot who
14  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager
15  ("MASM") within the applicable time period, and was unlawfully deprived of overtime
16  compensation by Home Depot. As an MASM, Plaintiff Green's primary duties consisted of non-
17  managerial tasks of manual labor and customer service.

18  **Oregon-Employed Plaintiffs**

19      55.     Plaintiff Eric Amstad is a current or former employee of Home Depot who
20  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager
21  ("MASM") within the applicable time period, and was unlawfully deprived of overtime
22  compensation by Home Depot. As an MASM, Plaintiff Amstad's primary duties consisted of
23  non-managerial tasks of manual labor and customer service.

24      56.     Plaintiff Dawn Y. Brennan is a current or former employee of Home Depot who
25  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager
26  ("MASM") within the applicable time period, and was unlawfully deprived of overtime
27  compensation by Home Depot. As an MASM, Plaintiff Brennan's primary duties consisted of
28  non-managerial tasks of manual labor and customer service.

-12-

57. Plaintiff David Carlson is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Carlson's primary duties consisted of non-managerial tasks of manual labor and customer service.

58. Plaintiff Gail D. Knoll is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Knoll's primary duties consisted of non-managerial tasks of manual labor and customer service.

59. Plaintiff Lorenzo Nicholson is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Nicholson's primary duties consisted of non-managerial tasks of manual labor and customer service.

60. Plaintiff David Saylor is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Saylor's primary duties consisted of non-managerial tasks of manual labor and customer service.

61. Plaintiff Darren Scott Williams is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Williams' primary duties consisted of non-managerial tasks of manual labor and customer service.

62. Plaintiff Donal James Young is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime

-13-

compensation by Home Depot. As an MASM, Plaintiff Young's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Utah-Employed Plaintiffs**

63.     Plaintiff Sean E. Liston is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Liston's primary duties consisted of non-managerial tasks of manual labor and customer service.

64.     Plaintiff Andrew Clayton Moran is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Moran's primary duties consisted of non-managerial tasks of manual labor and customer service.

65.     Plaintiff Johnnie D. Norton is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Norton's primary duties consisted of non-managerial tasks of manual labor and customer service.

66.     Plaintiff Shane Paskett is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Paskett's primary duties consisted of non-managerial tasks of manual labor and customer service.

67.     Plaintiff Matthew S. Robert is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Robert's primary duties consisted of non-managerial tasks of manual labor and customer service.

-14-

1    68.    Plaintiff Zachary Taylor is a current or former employee of Home Depot who

2    routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

3    ("MASM") within the applicable time period, and was unlawfully deprived of overtime

4    compensation by Home Depot. As an MASM, Plaintiff Taylor's primary duties consisted of non-

5    managerial tasks of manual labor and customer service.

6    69.    Plaintiff Laura Woolston is a current or former employee of Home Depot who

7    routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

8    ("MASM") within the applicable time period, and was unlawfully deprived of overtime

9    compensation by Home Depot. As an MASM, Plaintiff Woolston's primary duties consisted of

10   non-managerial tasks of manual labor and customer service.

11   **Washington-Employed Plaintiffs**

12   70.    Plaintiff Jeffrey H. Anderson is a current employee of Home Depot who routinely

13   worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

14   the applicable time period, and was unlawfully deprived of overtime compensation by Home

15   Depot. As an MASM, Plaintiff Anderson's primary duties consisted of non-managerial tasks of

16   manual labor and customer service.

17   71.    Plaintiff Tracey Lynn Bertch is a current or former employee of Home Depot who

18   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

19   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

20   compensation by Home Depot. As an MASM, Plaintiff Bertch's primary duties consisted of non-

21   managerial tasks of manual labor and customer service.

22   72.    Plaintiff Scott Allen Brender's is a current or former employee of Home Depot

23   who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

24   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

25   compensation by Home Depot. As an MASM, Plaintiff Brender's primary duties consisted of

26   non-managerial tasks of manual labor and customer service.

27   73.    Plaintiff Marianne Edecheit is a former employee of Home Depot who routinely

28   worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

-15-

1  the applicable time period, and was unlawfully deprived of overtime compensation by Home

2  Depot. As an MASM, Plaintiff Edecheit's primary duties consisted of non-managerial tasks of

3  manual labor and customer service.

4       74.    Plaintiff Michael Lynn Schwartz is a former employee of Home Depot who

5  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

6  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

7  compensation by Home Depot. As an MASM, Plaintiff Schwartz's primary duties consisted of

8  non-managerial tasks of manual labor and customer service.

9       75.    Plaintiff Kevin Dale Sherwin is a former employee of Home Depot who routinely

10  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

11  the applicable time period, and was unlawfully deprived of overtime compensation by Home

12  Depot. As an MASM, Plaintiff Sherwin's primary duties consisted of non-managerial tasks of

13  manual labor and customer service.

14       76.    Plaintiff Neil Eugene West is a current or former employee of Home Depot who

15  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

16  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

17  compensation by Home Depot. As an MASM, Plaintiff West's primary duties consisted of non-

18  managerial tasks of manual labor and customer service.

19  **Wyoming-Employed Plaintiffs**

20       77.    Plaintiff John Rudolph Dalbert is a former employee of Home Depot who

21  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

22  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

23  compensation by Home Depot. As an MASM, Plaintiff Dalbert's primary duties consisted of

24  non-managerial tasks of manual labor and customer service.

25  **Defendant Home Depot**

26       78.    Defendant Home Depot is a Delaware corporation with principal executive offices

27  located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest

28  home improvement retailer and the second largest retailer in the United States. It owns and

-16-

operates nearly 1,800 retail stores throughout the United States, including Alaska, California, Hawaii, Montana, Nevada, Oregon, Utah, Washington and Wyoming.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

79. Defendant Home Depot owns and operates approximately 1,800 home improvement retail stores located throughout the United States, including Alaska, California, Hawaii, Montana, Nevada, Oregon, Utah, Washington and Wyoming, and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

## A. Plaintiffs' Primary Duties Were/Are Non-Managerial

80. Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates. Some Home Depot stores also have Human Resource Managers who are involved in the stores' hiring, firing and employee scheduling.

81. Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

82. Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial"-type tasks that MASMs are expected to perform.

83. As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

84. Plaintiffs' primary duties as MASMs were non-managerial tasks that included packing and unpacking freight; setting product; cleaning the bathrooms and the store; picking up taking out garbage; returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority of their time providing customer service.

-17-

85. As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

86. One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5-day, 11-hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

87. By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

88. Under both federal and state wage laws Plaintiffs are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

89. Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B.    Home Depot's Unlawful Conduct Was And Is Willful**

90. Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives" exempt from federal and state overtime protections.

91. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws. This policy and pattern or practice includes but is not limited to:

a.    Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

b.    Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

c.    Willfully misclassifying Plaintiffs as MASMs as exempt from the

-18-

1    requirements of the FLSA; and

2              d.      Willfully failing to pay Plaintiffs, as MASMs, overtime wages for all hours

3    that they worked in excess of 40 hours per week.

4         92.     Upon information and belief, Home Depot's unlawful conduct described herein is

5    pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and

6    state wage and hour laws.

7         93.     Upon information and belief, Home Depot was or should have been aware that

8    state and federal laws require it to pay overtime compensation for hours worked in excess of 40

9    per week to MASMs such as Plaintiffs, who primarily perform non-exempt duties.

10        94.     Upon information and belief, Home Depot was aware or should have been aware

11   that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor

12   ("tasking") and customer service; (b) wielded little or no discretion in the performance of their

13   duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial

14   tasks Plaintiffs did have could be and were done by hourly associates.

15        95.     Upon information and belief, despite Plaintiffs' actual and expected job duties,

16   Home Depot uniformly designated and classified the MASM position – and therefore Plaintiffs –

17   as "managerial" employees in order to attempt to justify classifying them as exempt from

18   overtime protections and to avoid liability for overtime payments properly due to Plaintiffs.

19        96.     Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of

20   40 hours per week was willful.

21                              **FIRST CAUSE OF ACTION**
                    **Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.**
22                                  **By Each Plaintiff**

23        97.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

24   paragraphs.

25        98.     At all times relevant, Plaintiffs were engaged in commerce and/or the production

26   of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

27        99.     Home Depot was an employer engaged in commerce and/or the production of

28   goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

                                          -19-
                                       COMPLAINT

1    100.    At all times relevant, Plaintiffs were or have been employees of Home Depot

2    within the meaning of 29 U.S.C. §§203(e) and 207(a).

3    101.    Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled

4    under the FLSA.

5    102.    Home Depot failed to keep accurate records of the time worked by each Plaintiff.

6    103.    Home Depot's violations of the FLSA, as described in this Complaint, have been

7    willful and intentional.

8    104.    Home Depot failed to make a good faith effort to comply with the FLSA with

9    respect to Plaintiffs' compensation.

10    105.    Because Home Depot's violations of the FLSA were willful, a three-year statute of

11    limitations applies pursuant to 29 U.S.C. § 255.

12    106.    As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered

13    damages by being denied overtime wages in accordance with the FLSA in amounts to be

14    determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages,

15    pre-judgment interest, post-judgment interest, attorneys' fees, costs and other compensation

16    pursuant to 29 U.S.C. §§ 201 et seq.

17                              **SECOND CAUSE OF ACTION**
                **Alaska Wage and Hour Act, Stat. Ann. §§ 23.10.050- 23.10.150**
18                        **On Behalf of the Alaska Plaintiffs**

19    107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

20    paragraphs.

21    108.    Home Depot engaged in a widespread pattern, policy, and practice of violating

22    Alaska's overtime laws.

23    109.    At all times relevant the Alaska Plaintiffs were or are employees, and Home Depot

24    has been an employer within the meaning of Alaska's overtime laws.  The Alaska Plaintiffs are

25    covered by Alaska's overtime laws.

26    110.    Home Depot failed to pay the Alaska Plaintiffs overtime wages to which they were

27    entitled under the Alaska Minimum Wage and Hour Act, Alaska Stat. Ann. § 23.10.060.  Home

28    Depot failed to pay the Alaska Plaintiffs for overtime at a wage rate of one and one-half times

-20-

1    their regular rate of pay.

2        111.    Home Depot failed to keep, make, preserve, maintain, and furnish accurate records

3    of time worked by the Alaska Plaintiffs.

4        112.    Home Depot's violations of Alaska's overtime laws, as described in this

5    Complaint have been willful and intentional.

6        113.    Due to Home Depot's violations of Alaska's overtime laws, the Alaska Plaintiffs

7    are entitled to recover from Defendants their unpaid overtime wages as well as liquidated

8    damages, costs of the litigation and reasonable attorney's fees.

9                                    **THIRD CAUSE OF ACTION**
     **California Industrial Welfare Commission, Wage Order No. 4, Cal. Lab. Code. §§ 510, 1194**
10                               **On behalf of the California Plaintiffs**

11       114.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

12   paragraphs.

13       115.    Home Depot engaged in a widespread pattern, policy, and practice of violating

14   California's overtime laws.

15       116.    At all times relevant the California Plaintiffs were or are employees, and Home

16   Depot has been an employer within the meaning of California's overtime laws. The California

17   Plaintiffs are covered by California's overtime laws.

18       117.    Home Depot failed to pay the California Plaintiffs overtime wages to which they

19   were entitled under Wage Order No. 4 and Cal. Lab. Code §§ 510, 1194. Home Depot failed to

20   pay the California Plaintiffs for overtime at a wage rate of one and one-half times their regular

21   rate of pay.

22       118.    Home Depot failed to keep, make, preserve, maintain, and furnish accurate records

23   of time worked by the California Plaintiffs.

24       119.    Home Depot's violations of California's overtime laws as described in this

25   Complaint have been willful and intentional.

26       120.    Due to Home Depot's violations of California's overtime laws, the California

27   Plaintiffs are entitled to recover from Defendants their unpaid overtime wages as well as interest,

28   costs of the litigation and reasonable attorneys' fees.

                                         -21-

**FOURTH CAUSE OF ACTION**
**Minimum Wage and Overtime Compensation, Mon. Stat. Ann. §§ 39-3-401 to 39-3-409**
**On Behalf of the Montana Plaintiffs**

121. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

122. Home Depot engaged in a widespread pattern, policy, and practice of violating Montana's overtime laws.

123. At all times relevant the Montana Plaintiffs were or are employees, and Home Depot has been an employer within the meaning of Montana's overtime laws. The Montana Plaintiffs are covered by Montana's overtime laws.

124. Home Depot failed to pay the Montana Plaintiffs overtime wages to which they were entitled under Mon. Stat. Ann. 39-3-405(1). Home Depot failed to pay the Montana Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

125. Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Montana Plaintiffs.

126. Home Depot's violations of Montana's overtime laws as described in this Complaint have been willful and intentional.

127. Due to Home Depot's violations of Montana's overtime laws, the Montana Plaintiffs are entitled to recover from Defendants their unpaid overtime wages as well the costs of the litigation and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**Nev. Rev. Stat. Ann. § 608.018 On behalf of the Nevada Plaintiffs**

128. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

129. Home Depot engaged in a widespread pattern, policy, and practice of violating Nevada's overtime laws.

130. At all times relevant the Nevada Plaintiffs were or are employees, and Home Depot has been an employer within the meaning of Nevada's overtime laws. The Nevada Plaintiffs are covered by Nevada's overtime laws.

-22-

1    131.    Home Depot failed to pay the Nevada Plaintiffs overtime wages to which they

2    were entitled under Nev. Rev. Stat. Ann. § 608.018. Home Depot failed to pay the Nevada

3    Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

4    132.    Home Depot failed to keep, make, preserve, maintain, and furnish accurate records

5    of time worked by the Nevada Plaintiffs.

6    133.    Home Depot's violations of Nevada's overtime laws as described in this

7    Complaint have been willful and intentional.

8    134.    Due to Home Depot's violations of Nevada's overtime laws, the Nevada Plaintiffs

9    are entitled to recover from Defendants their unpaid overtime wages.

10   **SIXTH CAUSE OF ACTION**
     **Or. Rev. Stat. § 653.261(1), Or. Admin. R. 839-020-0030 on behalf of the Oregon Plaintiffs**

11

12   135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

13   paragraphs.

14   136.    Home Depot engaged in a widespread pattern, policy, and practice of violating

15   Oregon's overtime laws.

16   137.    At all times relevant the Oregon Plaintiffs were or are employees, and Home

17   Depot has been an employer within the meaning of Oregon's overtime laws. The Oregon

18   Plaintiffs are covered by Oregon's overtime laws.

19   138.    Home Depot failed to pay the Oregon Plaintiffs overtime wages to which they

20   were entitled under Or. Rev. Stat. § 653.261(1) and Or. Admin. R. 839-020-0030. Home Depot

21   failed to pay the Oregon Plaintiffs for overtime at a wage rate of one and one-half times their

22   regular rate of pay.

23   139.    Home Depot failed to keep, make, preserve, maintain, and furnish accurate records

24   of time worked by the Oregon Plaintiffs.

25   140.    Home Depot's violations of Oregon's overtime laws as described in this

26   Complaint have been willful and intentional.

27   141.    Due to Home Depot's violations of Oregon's overtime laws, the Oregon Plaintiffs

28   are entitled to recover from Defendants their unpaid overtime wages, costs of the litigation and

-23-

1  reasonable attorneys' fees.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

4  A.  Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-

5  and-one half times his or her regular rate of pay;

6  B.  An additional amount and equal award to each Plaintiff as liquidated damages

7  under the FLSA;

8  C.  Award each Plaintiff punitive damages, liquidated damages and/or other statutory

9  penalties where available under state law;

10  D.  Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

11  and

12  E.  Award each Plaintiff the costs of this suit together with reasonable attorneys' fees,

13  and such other and further relief as this Court deems necessary and proper.

14  **DEMAND FOR TRIAL BY JURY**

15  PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above

16  matter.

17  Dated: June 15, 2011          **WEXLER WALLACE LLP**

18

19                      By _____
                          MARK J. TAMBLYN

20

21                      455 Capitol Mall, Suite 231
                        Sacramento, California 95814
                        Telephone: (916) 492-1100

22                      Facsimile: (916) 492-1124

23                      **SQUITIERI & FEARON, LLP**
                        Lee Squitieri

24                      Caitlin Duffy
                        32 E. 57th St., 12th Floor

25                      New York, New York 10022
                        Telephone: (212) 421-6492

26                      Facsimile: (212) 421-6553

27

28

-24-