Mark J. Tamblyn
Ian Barlow
WEXLER WALLACE, LLP
455 Capitol Mall
Suite 231
Sacramento, CA 95814
Tel: 916-492-1100
Fax: 916-492-1124
Email: MJT@wexlerwallace.com
Email:ijb@wexlerwallace.com

Lee Squitieri
Caitlin Duffy
SQUITIERI & FEARON, LLP
32 E. 57th St., 12th Floor
New York, NY 10022
Tel:    (212) 421-6492
Fax:    (212) 421-6553
Email: lee@sfclasslaw.com
Email: caitlin@sfclasslaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD SMALLEY, GAYANN WELLAND,TRACEY ANTINORI, SHIRLEY AVERY, TANYA BALCH, WILLIAM LEE BOROUGH, SHAWNA CHRISTINE BREEDFIELD, MARGARET E. CRANE, DAVID PEREZ CRUZ, MARY CUSHING, ANGELA V. DOMONDON, JAMES B. EVANS, GREGORY A. FARRAR JR., DENNIS FREUNDT, DEBORA JACKSON, RONALD C. KEITZ, DIANE M. KIRBY, LELA D. LAPLANTE, DAVID LEYVA, CRAIG | Case No. 11-cv-02951-JCS  **AMENDED COMPLAINT**  **JURY TRIAL DEMANDED** |

MACE, DANIEL D. MAGANA,
BRADLEY J. MCADAM, TERRI LEE
MCCAULEY, LINO NSHIMBA,
SHANNON PARKER, MONIQUE
RAINEY, SURENDRA REDDY, LISA
RIVAS, HECTOR SANCHEZ, LYNNE
K. SOTELO, JESMENDAR SINGH,
MICHAEL SWINFARD, MICHAEL
SCOTT TURNER, BRYAN GARCIA,
DANIEL A. CASMAER ROBERT M.
MALMBERG, JASON MCHANN,
MICHAEL PERRIN , ALAN ANEALS,
DONALD S. EDWARDS, EDWIN
GARCIA,
OREGON, ERIC AMSTAD, DAWN Y.
BRENNAN, DAVID CARLSON, GAIL
D. KNOLL, LORENZO NICHOLSON,
DAVID SAYLOR,DARREN SCOTT
WILLIAMS DONAL JAMES YOUNG,
SEAN E. LISTON, ANDREW
CLAYTON MORAN, JOHNNIE D.
NORTON, SHANE PASKETT,
MATTHEW S. ROBERT, ZACHARY
TAYLOR, LAURA WOOLSTON,
WASHINGTON, JEFFREY H.
ANDERSON, TRACEY LYNN
BERTCH, SCOTT ALLEN BRENDER,
MARIANNE EDECHEIT, MICHAEL
LYNN SCHWARTZ, KEVIN DALE
SHERWIN, NEIL EUGENE WEST
AND JOHN RUDOLPH DALBERT

                        PLAINTIFFS,

          v.

HOME DEPOT, U.S.A. INC.,

               DEFENDANT.

AMENDED COMPLAINT

Harold Smalley, Gayann Welland, Tracey Antinori, Shirley Avery, Tanya Balch, William Lee Borough, Shawna Christine Breedfield, Margaret E. Crane, David Perez Cruz, Mary Cushing, Angela V. Domondon, James B. Evans, Gregory A. Farrar Jr., Dennis Freundt, Debora Jackson, Ronald C. Keitz, Diane M. Kirby, Lela D. LaPlante, David Leyva, Craig Mace, Daniel D. Magana, Bradley J. Mcadam, Terri Lee Mccauley, Lino Nshimba, Shannon Parker, Everet Pinkney Monique Rainey, Surendra Reddy, Lisa Rivas, Hector Sanchez, Lynne K. Sotelo, Jesmendar Singh, Michael Swinfard, Michael Scott Turner,  Bryan Garcia, Daniel A. Casmaer, Robert M. Malmberg, Jason Mchann, Michael Perrin, Alan Aneals, Donald S. Edwards, Edwin Garcia,, Eric Amstad, Dawn Y. Brennan, David Carlson, Gail D. Knoll, Lorenzo Nicholson, David Saylor, Darren Scott Williams, Donal James Young, Sean E. Liston, Andrew Clayton Moran, Johnnie D. Norton, Shane Paskett, Matthew S. Robert, Zachary Taylor, Laura Woolston, Jeffrey H. Anderson, Tracey Lynn Bertch, Scott Allen Brender, Marianne Edecheit, Michael Lynn Schwartz ,Kevin Dale Sherwin Neil Eugene West and John Ruldolph Dalbert (collectively the "Plaintiffs"), each bring a complaint against Home Depot, U.S.A. Inc. ("Home Depot" or "Defendant"), and allege as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRIOR LITIGATION

1. Each Plaintiff originally opted into the case stylized *Aquilino et al. v. The Home Depot, Inc.*, 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. *Aquilino* asserts claims under the FLSA, 29 U.S.C. §201 *et seq.* By filing consents to join the statute of limitations were tolled on Plaintiffs' claims and have remained tolled by order of the District Court of New Jersey until June 15, 2011.

2. On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in plaintiffs in *Aquilino* further holding that the tolling of the statute of limitations of the opt-in plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired portion on June 15, 2011.

3. Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and to remedy Home Depot's violations of the wage and hour provisions of the FLSA which as deprived Plaintiffs of lawful wages.

4. Certain Plaintiffs also brings claims under applicable state wage and hour laws.

5. Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and state laws for all hours worked over 40 hours.  Each Plaintiff is entitled to such overtime compensation for all hours worked over 40

hours per week for the time period of at least three years prior to the time the Plaintiff consented to Join *Aquilino*.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7.      This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

9.      Plaintiff Harold Smalley is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Smalley's primary duties consisted of non-managerial tasks of manual labor and customer service.

Plaintiff Gayann Welland is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM,

Plaintiff Welland's primary duties consisted of non-managerial tasks of manual labor and customer service.

10.     Plaintiff Tracey Antinori is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Antinori's primary duties consisted of non-managerial tasks of manual labor and customer service.

11.     Plaintiff Shirley Avery is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Avery's primary duties consisted of non-managerial tasks of manual labor and customer service.

12.     Plaintiff Tanya Balch is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Balch's primary duties consisted of non-managerial tasks of manual labor and customer service.

13.     Plaintiff William Lee Borough is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As a MASM, Plaintiff Borough's primary duties consisted of non-managerial tasks of manual labor and customer service.

14.     Plaintiff Shawna Christine Breedfield is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Breedfield's primary duties consisted of non-managerial tasks of manual labor and customer service.

15.     Plaintiff Margaret E. Crane is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Crane's primary duties consisted of non-managerial tasks of manual labor and customer service.

16.     Plaintiff David Perez Cruz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Cruz's primary duties consisted of non-managerial tasks of manual labor and customer service.

17.     Plaintiff Mary Cushing is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff Cushing's primary duties consisted of non-managerial tasks of manual labor and customer service.

18.     Plaintiff Angela V. Domondon is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Domondon's primary duties consisted of non-managerial tasks of manual labor and customer service.

19.     Plaintiff James B. Evans is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Evans' primary duties consisted of non-managerial tasks of manual labor and customer service.

20.     Plaintiff Gregory A. Farrar Jr is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Farrar's primary duties consisted of non-managerial tasks of manual labor and customer service.

21.     Plaintiff Dennis Freundt is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.

As a MASM, Plaintiff Freundt's primary duties consisted of non-managerial tasks of manual labor and customer service.

22.     Plaintiff Debora Jackson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Jackson's primary duties consisted of non-managerial tasks of manual labor and customer service.

23.     Plaintiff Ronald C. Keitz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Keitz's primary duties consisted of non-managerial tasks of manual labor and customer service.

24.     Plaintiff Diane M. Kirby is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Kirby's primary duties consisted of non-managerial tasks of manual labor and customer service.

25.     Plaintiff Lela D. LaPlante is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.

As a MASM, Plaintiff LaPlante's primary duties consisted of non-managerial tasks of manual labor and customer service.

26.     Plaintiff David Leyva is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Leyva's primary duties consisted of non-managerial tasks of manual labor and customer service.

27.     Plaintiff Craig Mace is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mace's primary duties consisted of non-managerial tasks of manual labor and customer service.

28.     Plaintiff Daniel D. Magana is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Magana's primary duties consisted of non-managerial tasks of manual labor and customer service.

29.     Plaintiff Bradley J. Mcadam is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff McAdam's primary duties consisted of non-managerial tasks of manual labor and customer service.

30.     Plaintiff Terri Lee McCauley is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff McCauley's primary duties consisted of non-managerial tasks of manual labor and customer service.

31.     Plaintiff Lino Nshimba is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Nshimba's primary duties consisted of non-managerial tasks of manual labor and customer service.

32.     Plaintiff Shannon Parker is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Parker's primary duties consisted of non-managerial tasks of manual labor and customer service.

33.     Plaintiff Everett Pinkney is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff Pinkney's primary duties consisted of non-managerial tasks of manual labor and customer service.

34.     Plaintiff Monique Rainey is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Rainry's primary duties consisted of non-managerial tasks of manual labor and customer service.

35.     Plaintiff Surendra Reddy is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Reddy's primary duties consisted of non-managerial tasks of manual labor and customer service.

36.     Plaintiff Lisa Rivas is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Rivas' primary duties consisted of non-managerial tasks of manual labor and customer service.

37.     Plaintiff Hector Sanchez is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff Sanchez's primary duties consisted of non-managerial tasks of manual labor and customer service.

38.     Plaintiff Lynne K. Sotelo is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Sotelo's primary duties consisted of non-managerial tasks of manual labor and customer service.

39.     Plaintiff Jesmendar Singh is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Singh's primary duties consisted of non-managerial tasks of manual labor and customer service.

40.     Plaintiff Michael Swinfard is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Swinfard's primary duties consisted of non-managerial tasks of manual labor and customer service.

41.     Plaintiff Michael Scott Turner is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.

As a MASM, Plaintiff Turner's primary duties consisted of non-managerial tasks of manual labor and customer service.

42.        Plaintiff Bryan Garcia is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Garcia's primary duties consisted of non-managerial tasks of manual labor and customer service.

43.        Plaintiff Daniel A. Casmaer is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Casmaer's primary duties consisted of non-managerial tasks of manual labor and customer service.

44.        Plaintiff Robert M. Malmberg is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Malmberg's primary duties consisted of non-managerial tasks of manual labor and customer service.

45.        Plaintiff Jason Mchann is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff Mchann's primary duties consisted of non-managerial tasks of manual labor and customer service.

46.     Plaintiff Michael Perrin is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Perrin's primary duties consisted of non-managerial tasks of manual labor and customer service.

47.     Plaintiff Alan Aneals is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Aneals' primary duties consisted of non-managerial tasks of manual labor and customer service.

48.     Plaintiff Donald S. Edwards is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Edwards' primary duties consisted of non-managerial tasks of manual labor and customer service.

49.     Plaintiff Edwin Garcia is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by

Home Depot.  As a MASM, Plaintiff Garcia's primary duties consisted of non-managerial tasks of manual labor and customer service.

50.

51.     Plaintiff Eric Amstad is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Amstad's primary duties consisted of non-managerial tasks of manual labor and customer service.

52.     Plaintiff Dawn Y. Brennan is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Brennan's primary duties consisted of non-managerial tasks of manual labor and customer service.

53.     Plaintiff David Carlson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Carlson's primary duties consisted of non-managerial tasks of manual labor and customer service.

54.     Plaintiff Gail D. Knoll is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per

week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Knoll's primary duties consisted of non-managerial tasks of manual labor and customer service.

55.     Plaintiff Lorenzo Nicholson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Nicholson's primary duties consisted of non-managerial tasks of manual labor and customer service.

56.     Plaintiff David Saylor is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Saylor's primary duties consisted of non-managerial tasks of manual labor and customer service.

57.     Plaintiff Darren Scott Williams is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Williams' primary duties consisted of non-managerial tasks of manual labor and customer service.

58.     Plaintiff Donal James Young is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40

hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Young's primary duties consisted of non-managerial tasks of manual labor and customer service.

59.     Plaintiff Sean E. Liston is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Liston's primary duties consisted of non-managerial tasks of manual labor and customer service.

60.     Plaintiff Andrew Clayton Moran is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Moran's primary duties consisted of non-managerial tasks of manual labor and customer service.

61.     Plaintiff Johnnie D. Norton is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Norton's primary duties consisted of non-managerial tasks of manual labor and customer service.

62.     Plaintiff Shane Paskett is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per

week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Paskett's primary duties consisted of non-managerial tasks of manual labor and customer service.

63.     Plaintiff Matthew S. Robert is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Robert's primary duties consisted of non-managerial tasks of manual labor and customer service.

64.     Plaintiff Zachary Taylor is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Taylor's primary duties consisted of non-managerial tasks of manual labor and customer service.

65.     Plaintiff Laura Woolston is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Woolston's primary duties consisted of non-managerial tasks of manual labor and customer service.

66.     Plaintiff Jeffrey H. Anderson is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as

a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Anderson's primary duties consisted of non-managerial tasks of manual labor and customer service.

67.     Plaintiff Tracey Lynn Bertch is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Bertch's primary duties consisted of non-managerial tasks of manual labor and customer service.

68.     Plaintiff Scott Allen Brender's is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Brender's primary duties consisted of non-managerial tasks of manual labor and customer service.

69.     Plaintiff Marianne Edecheit is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Edecheit's primary duties consisted of non-managerial tasks of manual labor and customer service.

70.     Plaintiff Michael Lynn Schwartz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per

week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Schwartz's primary duties consisted of non-managerial tasks of manual labor and customer service.

71.     Plaintiff Kevin Dale Sherwin is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Sherwin's primary duties consisted of non-managerial tasks of manual labor and customer service.

72.     Plaintiff Neil Eugene West is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff West's primary duties consisted of non-managerial tasks of manual labor and customer service.

73.     Plaintiff John Rudolph Dalbert is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Dalbert's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Defendant Home Depot**

74.     Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  Home Depot is the world's largest home improvement retailer and second largest retailer in the United States.  It owns and operates nearly 1,800 retail stores throughout the United States including Alaska, California, Hawaii, Montana, Nevada, Oregon Utah, Washington and Wyoming.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

75.     Defendant Home Depot, owns and operates approximately1,800 home improvement retail stores located throughout the United States, including Alaska, California, Hawaii, Montana, Nevada, Oregon Utah, Washington and Wyoming and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

**A. Plaintiffs' Primary Duties were/are Non-Managerial**

76.     Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates.  Some Home Depot stores also have Human Resource Managers that are involved in the stores hiring, firing and employee scheduling.

77.     Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

78.     Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

79.     As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

80.      Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up garbage and taking the garage out; pushing shopping carts and returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority of their time providing customer service.

81.     As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

82.     One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

83.     By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

84.     Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

85.     Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B. Home Depot's Unlawful Conduct Was and Is Willful**

86.     Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives," exempt from federal and state overtime protections.

87.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws.  This policy and pattern or practice includes but is not limited to:

a.   Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

b.   Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

c.   Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

d.   Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

88.     Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

89.     Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

90.     Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

91.     Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

92.     Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### By Each Plaintiff

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

94.     At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95.      Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.      At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

97.      Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

98.      Home Depot failed to keep accurate records of the time worked by each Plaintiff.

99.      Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

100.      Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

101.      Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-

judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### On behalf of the California Plaintiffs
**California Industrial Welfare Commission, Wage Order No. 4, Cal. Lab. Code. §§ 510, 1194 On Behalf of Margaret E. Crane, David Leyva, Bradley J. McAdam, Monique Rainey, Lynne K. Sotelo ("the California Plaintiffs")**

102.     Plaintiffs reallege and incorporate by reference in paragraphs 1-8, 11-46, 79-107.

103.     Home Depot engaged in a widespread pattern, policy, and practice of violating California's overtime laws.

104.     At all times relevant the California Plaintiffs were or are employees and Home Depot has been an employer within the meaning of California's overtime laws.  The California Plaintiffs are covered by California's overtime laws.

105.     Home Depot failed to pay the California Plaintiffs overtime wages to which they were entitled under Wage Order No. 4 and Cal. Lab. Code §§ 510, 1194. Home Depot failed to pay the California Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

106.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the California Plaintiffs.

107.     Home Depot's violations of California's overtime laws, as described in this Complaint have been willful and intentional.

108.     Due to Home Depot's violations of California's overtime laws, the California Plaintiffs are entitled to recover from Defendants their unpaid overtime wages as well as interest, costs of the litigation and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**Minimum Wage and Overtime Compensation, Mon. Stat. Ann. §§ 39-3-401 to 39-3-409 On behalf of Michael Perrin ("Perrin")**

109.     Plaintiffs reallege and incorporate by reference in paragraphs 1-8, 48-51, 79-107.

110.     Home Depot engaged in a widespread pattern, policy, and practice of violating Montana's overtime laws.

111.     At all times relevant plaintiff Perrin was an employee and Home Depot has been an employer within the meaning of Montana's overtime laws. Plaintiff Perrin is covered by Montana's overtime laws.

112.     Home Depot failed to pay Plaintiff Perrin overtime wages to which he was entitled under Mon. Stat. Ann. 39-3-405(1). Home Depot failed to pay Plaintiff Perrin for overtime at a wage rate of one and one-half times their regular rate of pay.

113.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Perrin.

114.     Home Depot's violations of Montana's overtime laws, as described in this Complaint have been willful and intentional.

115.     Due to Home Depot's violations of Montana's overtime laws, Plaintiff Perrin is entitled to recover from Defendants their unpaid overtime wages as well the costs of the litigation and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
### Nev. Rev. Stat. Ann. § 608.018 On behalf of Don S. Edwards, and Edwin Garcia, ("the Nevada Plaintiffs")

116.     Plaintiffs reallege and incorporate by reference in paragraphs 1-8, 52-55, 79-107.

117.     Home Depot engaged in a widespread pattern, policy, and practice of violating Nevada's overtime laws.

118.     At all times relevant the Nevada Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Nevada's overtime laws. The Nevada Plaintiffs are covered by Nevada's overtime laws.

119.     Home Depot failed to pay the Nevada Plaintiffs overtime wages to which they were entitled under Nev. Rev. Stat. Ann. § 608.018. Home Depot failed to pay the Nevada Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

120.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Nevada Plaintiffs.

121.     Home Depot's violations of Nevada's overtime laws, as described in this Complaint have been willful and intentional.

122.     Due to Home Depot's violations of Nevada's overtime laws, the Nevada Plaintiffs are entitled to recover from Defendants their unpaid overtime wages.

## FIFTH CAUSE OF ACTION
### Or. Rev. Stat. § 653.261(1), Or. Admin. R. 839-020-0030 On behalf of Darren Scott Williams and Lorezno Nicholson ("the Oregon Plaintiffs")

123.     Plaintiffs reallege and incorporate by reference in paragraphs 1-8, 56-63, 79-107.

124.     Home Depot engaged in a widespread pattern, policy, and practice of violating Oregon's overtime laws.

125.     At all times relevant the Oregon Plaintiffs were or are employees and Home Depot has been an employer within the meaning of Oregon's overtime laws. The Oregon Plaintiffs are covered by Oregon's overtime laws.

126.     Home Depot failed to pay the Oregon Plaintiffs overtime wages to which they were entitled under Or. Rev. Stat. § 653.261(1) and Or. Admin. R. 839-020-0030. Home Depot failed to pay the Oregon Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

127.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Oregon Plaintiffs.

128.    Home Depot's violations of Oregon's overtime laws, as described in this Complaint have been willful and intentional.

129.    Due to Home Depot's violations of Oregon's overtime laws, the Oregon Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, costs of the litigation and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.    Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

B.    An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

C.    Award each Plaintiff  that asserts a state law claim punitive damages, liquidated damages and/or other statutory penalties where available under state law;

D. Award each Plaintiff that asserts a state law claim unpaid wages due under that state law calculated at a rate of one-and-one half times his or her regular rate of pay;

D.    Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

AMENDED COMPLAINT

E.      Award each Plaintiff the costs of this suit together with reasonable

attorneys' fees, and such other and further relief as this Court deems necessary and

proper.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Plaintiffs demand trial by jury as to all issues in

the above matter.

Dated:          December 2, 2011


                                    */s/ Caitlin Duffy*
                                    Olimpio Lee Squitieri
                                    Caitlin Duffy
                                    **SQUITIERI & FEARON, LLP**
                                    32 East 57th Street
                                    12th Floor
                                    New York, New York 10022
                                    Tel:  212-421-6492
                                    Fax:   212-421-6553
                                    Emai: lee@sfclasslaw.com
                                    Email: Caitlin@sfclasslaw.com

                                    Mark J. Tamblyn
                                    Ian J. Barlow
                                    **WEXLER WALLACE, LLP**
                                    455 Capitol Mall
                                    Suite 231
                                    Sacramento, CA 95814
                                    Tel:   916-492-1100
                                    Fax:   916-492-1124
                                    Email: MJT@wexlerwallace.com
                                    Email: ijb@wexlerwallace.com


                                    *Attorneys for Plaintiffs*

AMENDED COMPLAINT